RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 1/11/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

UNITED STATES OF AMERICA     CASE NO.: 1:09-cr-00014-01

VERSUS     JUDGE DEE D. DRELL
    MAGISTRATE JUDGE JAMES D. KIRK

COLUMBUS MOORE

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned Magistrate Judge for report and recommendation.

### Statement of the Claim

Before the court is a motion to vacate, set aside or correct sentence filed by petitioner Columbus Moore pursuant to 28 U.S.C. §2255 on October 31, 2011 (Doc. 85). Moore attacks the validity of his 2009 conviction by a jury in the United States District Court for the Western District of Louisiana, Alexandria Division for receipt of child pornography pursuant to 18 U.S.C. §2252A(a)(2) and possession of child pornography pursuant the 18 U.S.C. §2252A(a)(5)(b). Moore was sentenced to 240 months imprisonment on count one and 120 months imprisonment on count two with the sentences to run concurrently. Moore was also ordered to pay a special assessment in the amount of $200 and serve a term of five years on supervised release.

Moore filed a notice of appeal on January 15, 2010 with the United States Court of Appeals for the Fifth Circuit (Court of

Appeals Docket Number 10-30039) and in an opinion rendered May 13, 2011, the Fifth Circuit affirmed Moore's conviction. Thereafter, Moore filed a petition for writ of certiorari to the United States Supreme Court which was denied on October 3, 2011 (Supreme Court Docket Number 11-5754). Moore then filed the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 setting forth five separate arguments as to why his counsel was ineffective.

## Rule 8(a) Resolution

This court is able to resolve the merits of this Section 2255 application without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the claims of the petitioner, and the court records provide the required and adequate factual basis necessary to the resolution of the Section 2255 application. U.S. v. Green, 882 F.2d. 999, 1008 (5th Cir. 1989); Section 2255 Rule 8(a).

## Facts

The facts of this case, as set forth by the Fifth Circuit Court of Appeals in Moore v. U.S., Docket Number 10-30039, are as follows:

> Troopers with the Louisiana State Police arrested Moore in November 2008 during an undercover investigation of individuals who shared child pornography via LimeWire, a peer-to-peer network.[1] As part of the investigation,

---

[1] A peer-to-peer network is a file-sharing system in which Internet users share files with other users on a specific

Trooper Chad Gremillion obtained information that a LimeWire account registered to Moore had downloaded or shared child pornography. Gremillion obtained a search warrant for Moore's home and when Gremillion and two other troopers arrived at the residence, Moore allowed the officers to enter the house. The troopers separated Moore from his wife and children, and asked Moore's wife to leave the home with the children.

The troopers searched the home and advised Moore, verbally and in writing, of his *Miranda* rights. Moore waived his rights and the troopers interviewed Moore. Initially, Moore denied the child pornography was on the computer. When Moore finally acknowledged that the child pornography was on the machine, he claimed that other family members had downloaded the files. Eventually, Moore confessed to downloading the images. The search revealed that Moore had downloaded twenty-five child pornography movies. All the files were downloaded from the Internet. Specifically, Moore had obtained them using LimeWire, which share files via the Internet.

Before trial, the government notified Moore that prosecutors would call his stepdaughter as a witness. The government wanted the girl to testify about two incidents in which Moore had molested her when she was twelve. Moore moved to suppress the testimony. The district court ruled that the evidence was admissible under Rules 414 and 403 of the Federal Rules of Evidence and overruled the motion in limine. At trial, after the girl had testified, the court issued limiting instructions to jurors that explained Moore had not been charged with the crime of molestation. The court instructed the jurors to consider the testimony for the limited purposes of determining Moore's propensity to download child pornography and whether he was correctly charged.

The jury convicted Moore on one count of knowingly receiving child pornography transported in interstate commerce, a violation of 18 U.S.C. §2252A(a)(2), and one count of possession of images of child pornography transported in interstate commerce, a violation of 18 U.S.C. §2252A(a)(5)(B). Before sentencing, Moore objected to the pre-sentence report's recommendation that

---

network.

the trial court should enhance his criminal history category for a theft charge that he pled guilty to in Louisiana state court. The state criminal record did not contain sentencing information and Moore argued that this meant the conviction was not final. The district court relied on the state conviction, nonetheless, and enhanced Moore's criminal history category by one level. With a criminal history category of IV and an offense level of 37, Moore's guidelines sentencing range was 292 to 365 months. The court sentenced Moore to the statutory maximum term for each count-240 months for the receiving charge and 120 months for the possession charge-and ordered the terms be served concurrently.

Moore appealed his conviction and sentence, challenging the sufficiency of the evidence presented at trial, several of the district court's evidentiary decisions, and the trial court's calculation of his criminal history score.

### Law of §2255

There are four grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or, (4) the sentence is "otherwise subject to collateral attack". 28 U.S.C. §2255; United States v. Cates, 952 F.2d 149, 151 (5th Cir. 1992), cert. denied 504 U.S. 962 (1992). The scope of relief under Section 2255 is consistent with that of the writ of habeas corpus. Cates, 952 F.2d at 151. Also, U.S. v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

Relief under 28 U.S.C. §2255 is reserved for the transgressions of constitutional rights and for a narrow range of

injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal but were not, may not be asserted in a collateral proceeding. U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Also, U.S. v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995). A collateral challenge may not do service for an appeal. After conviction and exhaustion and waiver of any right to appeal, the federal courts are entitled to presume that the defendant stands fairly and finally convicted. U.S. v. Shaid, 937 F.2d 228, 231-231 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). Even if a defendant raises a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. U.S. v. Mimms, 43 F.3d 217, 219 (5th Cir. 1995), and cases cited therein.

A claim may not be reviewed under 20 U.S.C. §2255 absent a showing of cause and prejudice or actual innocence. U.S. v. Hicks, 945 F.2d 107, 108 (5th Cir. 1991). Moreover, a prisoner who shows the possibility of prejudice may not obtain collateral relief under Section 2255 without demonstrating cause for his failure to raise the error at trial or on direct appeal. U.S. v. Shaid, 937 F.2d at 229.

Cause is demonstrated by showing objective external factors

which prevented the petitioner from having raised the instant claim previously, and actual prejudice resulting from the error. The earlier proceeding may nonetheless be excused if the petitioner can show that a fundamental miscarriage of justice would result from a failure to entertain the claim i.e. the petitioner must make a colorable showing of actual innocence. U.S. v. Flores, 981 F.2d 231, 235-236 (5th Cir. 1993). Also, McCleskey v. Zant, 499 U.S. 467, 495 (1991). Absent exceptional circumstances, establishment of ineffective assistance of counsel satisfies cause and prejudice. U.S. v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995).

The cause and prejudice test; however, does not apply to claims of ineffective assistance of counsel which are ordinarily brought for the first time on collateral review.

<u>Ineffective Assistance of Counsel</u>

To establish that his legal representation at trial fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). He must show that his counsel's performance was both deficient (i.e., that counsel did not provide reasonably effective assistance under prevailing professional norms) and prejudicial (i.e., that errors by counsel "actually had an adverse effect on the defense"). The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the

presumption that, under the circumstances, the challenged action might be considered sound trial strategy. On the latter component, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings; rather, he must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Anderson v. Collins, 18 F.3d 1208, 1215 (5th Cir.1194) and cases cited therein. Also, U.S. v. Segler, 37 F.3d 1131, 1136 (5th Cir. 1994).

A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time. Dowthitt v. Johnson, 230 F.3d 733 (5th Cir. 2000), cert. denied, 532 U.S. 915 (2001), and cases cited therein. Thus, the court's scrutiny of counsel's performance is highly deferential. The court must be particularly wary of arguments that essentially come down to a matter of degrees, i.e., did counsel investigate enough or did counsel present enough mitigating evidence. Those questions are even less susceptible to judicial second guessing. Dowthitt, citing Kitchens v. Johnson, 190 F.3d 698, 703 (5th Cir. 1999).

In a habeas or Section 2255 proceedings alleging ineffective assistance of counsel, the petitioner has the burden of proof. U.S. v. Chavez, 193 F.3d 375, 378 (5th Cir. 1999), citing Clark v. Collins, 19 F.3d 959, 964 (5th Cir. 1994), cert. denied 513 U.S. 966

(1994).

Investigation/Obtaining Evidence

Moore contends that despite his repeated requests, counsel failed to obtain copies of his time sheets from his employer. Moore claims that time sheets would have shown he was not at home when the last of the pornographic images was being downloaded on November 5, 2008. Moore contends his father obtained copies of the time sheets following Moore's trial but Moore fails to provide a copy of the same.

Even if Moore had documentation to prove he was working at 3:00 p.m. on November 5, 2008 when the last of the images was downloaded, the evidence presented at trial showed 24 other child pornography movies were downloaded on various dates between February and November, 2008 and that Moore confessed to downloading these images. Thus, even if the time sheets would have shown Moore was at work when the last of the images was downloaded, there is no showing that the outcome of the trial would have been any different.

Favorable Witnesses

Moore also argues he was denied the effective assistance of counsel due to counsel's failure to interview and call favorable witnesses to effectively defend him at trial. Complaints of uncalled witnesses are not favored because the presentation of testimonial evidence is a matter of trial strategy and because

8

allegations of how a witness would have testified is speculative. <u>Graves v. Cockrell</u>, 351 F.3d 143, 155 (5th Cir. 2003), amended in other part, 351 F.3d 156 (5th Cir. 2003), cert. denied, 124 S.Ct. 2160 (2004). Also, <u>Boyd v. Estelle</u>, 662 F.2d 388, 390 (5th Cir. 1981).

Where the only evidence of missing witness testimony is from the defendant, the courts view claims of ineffective assistance of counsel with great caution. <u>Sayre v. Anderson</u>, 238 F.3d 631, 636 (5th Cir. 2001), citing <u>Lockhart v. McCotter</u>, 782 F.2d 1275, 1282 (5th Cir. 1986), cert. denied, 479 U.S. 1030 (1987). Unless a petitioner provides the court with affidavits (or similar matter) from the alleged favorable witnesses suggesting what they would have testified to, claims of ineffective assistance of counsel fail for lack of prejudice.

Moore fails to provide any affidavits or like matter from any of the witnesses he claims should have been called. In fact, he doesn't even identify those whom he contends would properly defend him. Accordingly, Moore has not proven ineffective assistance of counsel for failure to call favorable witnesses.

<u>Objection to Opening Statement/Motion for Mistrial</u>

Moore's next contention is that his counsel was ineffective because he failed to object to the prosecutor referring to uncharged conduct in the opening statement. Prior to trial, defense counsel filed a motion in limine seeking to exclude the

prosecutor's use of evidence of uncharged conduct (Doc. 48). Numerous reasons were set forth by counsel for the exclusion of evidence, but the district court ultimately denied the motion in limine (Doc. 53). Having already objected to the use of the evidence and having been overruled, there would have been no reason for counsel to object during the opening statement. Thus counsel's performance was not deficient and even if it was, Moore has not shown prejudice as the Fifth Circuit confirmed on appeal that there was no abuse of discretion in allowing the admission of that evidence. Accordingly, this contention lacks merit.

Lack of Citation to Legal Authority

Moore contends that counsel was ineffective because he did not cite legal authority to support the argument in his appellate brief that the testimony of Moore's stepdaughter should have been excluded. After affirming the district court's determination that evidence of uncharged conduct in allowing the alleged victim to testify should not be excluded under Federal Rule of Evidence 403, the Fifth Circuit refused to address Moore's allegations that the testimony itself was prejudicial because (1) counsel failed to object at the time the testimony was given and (2) no legal authority was cited in support of the statement.

The fact counsel did not object to the testimony itself does not automatically render him ineffective. Again, Moore must prove that counsel's representation fell below objective standards of

10

reasonableness and there is a reasonable probability that but for the errors, the result of the trial (or appeal) would have been different. Counsel's failure to object was not unreasonable in light of the fact the district judge allowed the alleged victim to testify over counsel's objection. Furthermore, the testimony given by the stepdaughter at trial was not beyond that which was anticipated. If anything, her testimonyced entries (to which counsel did object to being introduced) and that lack of detail led to the redaction of the entries. Finally, it is often considered sound trial strategy for counsel not to react in a way which would be seen as victimizing the victim. Thus, by objecting to her testimony or questioning her in an aggressive manner, the jury might have perceived counsel and Moore in a negative light.

Even if counsel's representation fell below reasonable standards, Moore provides no indication as to how the outcome of the trial would have differed. The charged conduct was receipt of and possession of child pornography and there was substantial computer and testimonial evidence as well as Moore's signed confession which supported the finding of guilt.

Moore also claims that counsel was ineffective because he cited case law which had been legislatively overruled. The case to which counsel cited in both trial and on appeal was U.S. v. Schaefer, 501 F.3d 1197 (10th Cir. 2007). While Moore is correct

11

that the case has been superceded by statute, the statute was not amended until after Moore was charged in this case and there is nothing to show the amendment was retroactive. Accordingly, Schaefer continued to apply to the statute under which Moore was charged and counsel's reliance thereon, although ultimately rejected by both the district and appellate courts, was not misplaced.

Availability of Counsel

Moore's final contention is that counsel did not explain the pre-sentence report to Moore prior to sentencing and that he was unavailable to Moore when he would call or write. The record shows that counsel objected to the pre-sentence report on December 8, 2009 and that counsel certified on December 18, 2009 that he received the report, delivered a copy to and discussed the same with Moore. Moore provides no information or documentation to the contrary. Accordingly, this contention lacks merit.

Conclusion

Accordingly,

IT IS RECOMMENDED that Moore's motion to vacate, set aside or correct sentence (Doc. 85) be DENIED.

Certificate of Appealability

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file

specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed findings of fact and/or the proposed legal conclusions reflected in this Report & Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except on grounds of plain error.** See <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from his service of this Report & Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

13

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana this 10 day of January, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE