# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

**UNITED STATES OF AMERICA**                    **CASE NO.  1:09-CR-00014-01**

**VERSUS**

**COLUMBUS MOORE (01)**                    **JUDGE DEE D. DRELL**

## MEMORANDUM ORDER

Columbus Moore ("Moore") was indicted on January 28, 2009, on two counts of receipt of child pornography in violation of 18 U.S.C. §§2252A(a)(2) and (a)(5)(b).[1]  (Doc. 1).   On September 30, 2009, Moore was found guilty on counts 1 and 2 after a plea of not guilty (Doc. 59) and was sentenced on January 8, 2010, to 240 months imprisonment on count 1 and 120 months imprisonment on count 2 (the terms of imprisonment to run consecutively).  (Docs. 74).

Moore is currently incarcerated at FCI Coleman Low in Coleman, Florida.  His motion entitled "18 U.S.C. §3582(C)(1)(A) Motion for Reduction of Sentence/Compassionate Release" (Doc. 124) is presently before the court.  Moore seeks compassionate release from imprisonment and argues his diagnosis of sickle cell disease and the current COVID-19 plague create "extraordinary and compelling circumstances" warranting his release.  The motion has been fully briefed by the parties and the government opposes the request for relief. (Doc. 134).

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."  As set forth in Section 3582(b), these circumstances are: (1) upon a motion for sentence reduction under 18 U.S.C. §3582(c)(1)(A); (2) in the manner and to the extent provided for in Fed. R. Crim. P. 35;

---

[1] Moore was also charged in count 3 of the indictment with forfeiture but that count was dismissed on February 24, 2010, pursuant to a motion by the government.  (Doc. 73).

and, (3) where a sentence was imposed based on a sentencing guideline range that has since been retroactively lowered.  18 U.S.C. §3582(b); Dillon v. United States, 560 U.S. 817 (2010).

Motions for sentence reduction under Section 3582(c)(1)(A), most often referred to as compassionate release motions, may be filed at the inmate's request by the Bureau of Prisons ("BOP") or by the inmate himself after exhaustion of his administrative remedies.  The exhaustion requirement for motions filed directly by the inmate is mandatory and a jurisdictional prerequisite in this court.  Ross v. Blake, 136 S.Ct. 1850 (2016); United States v. Chambliss, 948 F.3d 691, 692-93 (5th Cir. 2020).  Section 3582(c)(1)(A) provides that prisoners may: (1) file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or (2) file a motion with the court after requesting release when there has been a lapse of thirty (30) or more days from the receipt of such request by the warden of the Defendant's facility, whichever is earlier.  18 U.S.C. §3582(c)(1)(A).  However, we believe the right to proceed results when either the facility's warden denies the request or 30 days passes, whichever is first.  There may be, but need not be, an actual appeal to a higher BOP official, but the other limiting factors shall apply.

Here, Moore filed a request for compassionate release with the BOP and received a decision denying his request.  Accordingly, failure to exhaust is not at issue in this case.

Despite Moore's contention that "extraordinary and compelling reasons" warrant a reduction in his sentence, the law and evidence before the court indicate otherwise.  Application note 1 of the United States Sentencing Guidelines §1B1.13 sets forth what may constitute "extraordinary and compelling" circumstances that would permit a court to grant relief under §3582(c)(1)(A):

(A)    **Medical Condition of the Defendant.-**

    (i)     The defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end of lift trajectory). A specific prognosis of life expectancy (i.e. a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii)    The defendant is –

        (I)     suffering from a serious physical or mental condition,

        (II)    suffering from a serious functional or cognitive impairment, or

        (III)   experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)    **Age of the Defendant.** – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)    **Family Circumstances.** –

    (i)     The death or incapacitation of the caregiver of the defendant's minor child or children.

    (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse of registered partner.

(D)    **Other Reasons.** – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons described in subdivision (A) through (C).

We do not doubt Moore's assertion that he was diagnosed with sickle cell disease and has suffered attacks in the past. Nevertheless, a careful review of Moore's BOP medical records (Doc. 137) by the court reveals Moore has not required any treatment for sickle cell disease in at least three years. In fact, throughout his medical records, the physicians refer to his diagnosis as "sickle-

3

cell thalassemia without crisis." (Doc. 137-1, p. 1-2, 17, 25; 137-2, p. 2, 9, 16; and 137-3, p. 10).

The absence of any pain crisis is further evidence by Moore's own continuous refusal to be seen

in the Chronic Care Clinic. (Docs. 137-1, p.1-2, 25). As Moore's condition lacks any pain crisis

and considering the foregoing factors, there is no basis upon which to find "extraordinary and

compelling circumstances" nor to grant compassionate release.

Based upon our reasoning above, it is hereby

ORDERED that Moore's motion for compassionate release under the First Step Act (18

U.S.C. §3582(c)(1)(A)) (Doc. 124) is DENIED.

THUS DONE AND SIGNED this _20_ day of August 2020, at Alexandria, Louisiana.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT