UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 1:09-CR-00014-01** |
| **VERSUS** | |
| **COLUMBUS MOORE (01)** | **JUDGE DEE D. DRELL** |

<u>**MEMORANDUM ORDER**</u>

Before the court is Columbus Moore's ("Moore") second motion for compassionate release filed on August 16, 2021.[1] (Doc. 141). Like his prior motion, Moore claims his sickle cell anemia is an "extraordinary and compelling" circumstance warranting his early release. Unlike his prior motion, Moore now points to a sickle cell crisis which occurred from July 2020 to January 2021 as well as a January 2021 hospitalization for a ruptured gall bladder, a massive duodenal ulcer, and sickle cell crisis. Moore further contends that because of the removal of his gall bladder and inadequate medical care[2] at the prison, he is at increased risk of a sickle cell crisis and contracting COVID 19.

Moore was indicted on January 28, 2009 for receipt and possession of child pornography in violation of 18 U.S.C. §§2252A(a)(2) and (a)(5)(b).[3] (Doc. 1). On September 30, 2009, a jury found Moore guilty of both receipt and possession of child pornography and the court sentenced him on January 8, 2010 to 240 months imprisonment on count 1 and 120 months imprisonment on

---

[1] Although the motion is docketed as a motion for reconsideration, it is evident from Moore's filings that he intends this to be a separate motion based on the fact he suffered a sickle cell crisis and received treatment following the court's denial of his first motion for compassionate release wherein we noted he had not had an episode in five years. (Docs. 124 and 138).

[2] Allegations of inadequate medical care are not properly before the court in a motion for compassionate release.

[3] Moore was also charged in count 3 of the indictment with forfeiture but that count was dismissed on February 24, 2010, pursuant to a motion by the government. (Doc. 73).

count 2 (the terms of imprisonment to run consecutively). (Docs. 74). Moore is currently incarcerated at FCI Coleman Low in Coleman, Florida.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." As set forth in Section 3582(b), these circumstances are: (1) upon a motion for sentence reduction under 18 U.S.C. §3582(c)(1)(A); (2) in the manner and to the extent provided for in Fed. R. Crim. P. 35; and, (3) where a sentence was imposed based on a sentencing guideline range that has since been retroactively lowered. 18 U.S.C. §3582(b); Dillon v. United States, 560 U.S. 817 (2010).

Motions for sentence reduction under Section 3582(c)(1)(A), most often referred to as compassionate release motions, may be filed at the inmate's request by the Bureau of Prisons ("BOP") or by the inmate himself after exhaustion of his administrative remedies. The exhaustion requirement for motions filed directly by the inmate is mandatory and a jurisdictional prerequisite in this court. Ross v. Blake, 136 S.Ct. 1850 (2016); United States v. Chambliss, 948 F.3d 691, 692-93 (5th Cir. 2020). Section 3582(c)(1)(A) provides that prisoners may: (1) file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or (2) file a motion with the court after requesting release when there has been a lapse of thirty (30) or more days from the receipt of such request by the warden of the Defendant's facility, whichever is earlier. 18 U.S.C. §3582(c)(1)(A). However, we believe the right to proceed results when either the facility's warden denies the request or 30 days passes, whichever is first. There may be, but need not be, an actual appeal to a higher BOP official, but the other limiting factors shall apply.

Here, Moore filed a request for compassionate release with the BOP and received a decision denying his request. Accordingly, failure to exhaust is not at issue in this case.

We believe that Moore's current medical condition likely constitutes an "extraordinary and compelling reason" under §3582 for a reduction in his sentence; however, this is not the only consideration before the court. The court must also consider the factors enumerated in 18 U.S.C. §3553(a) and the policies of the sentencing commission before granting a motion for compassionate release.

Although Moore argues he has been a model inmate who has bettered himself by taking various classes, he has not argued nor provided any evidence showing that he is not a danger to the community. His claims that he is reformed are hollow as there is simply no evidence that he will not reoffend. Moore's crimes are not victimless crimes. The nature and circumstances of the offenses and the history and characteristics of Moore strongly disfavor release. To allow an early release would result in a sentence that does not reflect the seriousness of his offense, promote respect for the law, provide just punishment, or deter criminal conduct while protecting the public from further crimes. On balance, the §3553(a) factors for imposition of a sentence, weigh against a reduction in Columbus Moore's sentence. Accordingly, it is hereby

ORDERED that Moore's motion for compassionate release (Doc. 141) is DENIED.

THUS DONE AND SIGNED this 22nd day of October 2021, at Alexandria, Louisiana.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT