UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 09-cr-014 |
| -vs- | JUDGE DRELL |
| COLUMBUS MOORE (01) | MAGISTRATE JUDGE KIRK |

<u>MEMORANDUM ORDER</u>

Before the court is Columbus Moore's *pro se* motion seeking to modify his term of supervised release. (Doc. 148). For the following reasons, the motion is DENIED.

Moore was indicted by a Federal Grand Jury on January 28, 2009 on one count of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) (Count One), one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(b) (Count Two), and one count of forfeiture pursuant to 18 U.S.C. § 2253 (Count 3).

On September 30, 2009, following a three-day jury trial, Moore was found guilty on both Count One and Count Two. On January 11, 2010, Moore was sentenced to serve a 240-month term of imprisonment on Count One and 120-month term of imprisonment on Count Two, followed by service of 5-year term of supervised release. It is the 5-year term of supervised release which Moore seeks to reduce.

Moore contends that his crime is a C Class felony; therefore, the maximum term of supervised release is 3 years. Moore is correct that his crimes are classified as Class C felonies pursuant to 18 U.S.C. § 3559, and he is correct that 18 U.S.C § 3583 provides for a term of not more than 3 years supervised release for Class C felonies. However, Moore was convicted of a

crime which involved minor victims, and pursuant to 18 U.S.C. § 3583(k), the term of supervised release for those crimes is a minimum of 5 years and a maximum of life. Accordingly, Moore was properly sentenced to serve 5 years, which was the minimum term of supervised release to which he could be sentenced.

Moore also argues that the United States Supreme Court held a "5 year [sic] mandatory revocation sentence for an offense exceeded congress [sic] authority." (Doc. 148, p. 4). In U.S. v. Haymond, 588 U.S. 634 (2019), the Supreme Court ruled the that mandatory minimum sentencing on revocation of supervised release violates the Fifth and Sixth Amendments of the U.S. Constitution. However, Moore is not before the court to address the revocation of his supervised release. In fact, Moore has not even commenced serving his original term of supervised release. Thus, the case law which Moore relies upon has no bearing upon his situation at this time.

Moore has not provided any applicable case law to support his position; accordingly,

IT IS HEREBY ORDERED that Columbus Moore's motion to modify his term of supervised release is DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 2nd day of February 2026.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT